69 F.3d 539
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Roy CLEMENS, Plaintiff-Appellant,
v.
Howard PETERS III, et al., Defendants-Appellees.
 No. 94-2433.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 20, 1995.[1]
Decided Oct. 25, 1995.
 
 Before FLAUM, MANION and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff Roy Clemens filed this interlocutory appeal from a district court order denying his motion for a preliminary injunction requesting an order that the defendant prison officials provide certain medications to Clemens.[2] We have jurisdiction under 28 U.S.C. Sec. 1292(a)(1).[3]
 
 
 2
 In reviewing the denial of a motion for a preliminary injunction, this court will disturb the district court's ruling only if there is an abuse of discretion. Storck USA, L.P. v. Farley Candy Co., 14 F.3d 311, 314 (7th Cir.1994). In order to obtain a preliminary injunction, the movant must make a threshold showing that: (1) the case has some likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) the movant will suffer irreparable harm if the injunction is not granted. Abbott Laboratories v. Mead Johnson & Co., 971 F.2d 6, 11 (7th Cir.1992). The denial of a motion for a preliminary injunction may be based solely on plaintiff's failure to establish a negligible chance of success on the merits. Curtis v. Thompson, 840 F.2d 1291, 1297 (7th Cir.1988).
 
 
 3
 Under Farmer v. Brennan, 114 S.Ct. 1970, 1977 (1994), Clemens must show that the defendants were deliberately indifferent to his medical needs. Deliberate indifference exists when an official knows of and disregards a serious medical condition and the official is "aware of facts from which an inference could be drawn that a substantial risk of harm exists, and he must also draw that inference." Farmer, 114 S.Ct. at 1979, 1984.
 
 
 4
 Clemens admits being examined by the medical staff at both Pontiac and Menard Correctional Centers for various ailments, including neurological nerve disorders, deterioration of the spine, and colon and lung cancer. He simply disagrees with their treatment plan, complaining that they "refuse to listen to [plaintiff's] advice." Clemens wants the medication he was taking prior to his incarceration, including three pain killers, two muscle relaxers, three antibiotics, and two anti-seizure drugs. Clemens asks the court to compel the prison staff to "prescribe, purchase and deliver proper medications that deal effectively with the plaintiff's medical needs without concern for costs." But the only medical record supplied to the district court was a 1991 letter from Dr. Paul Garret, diagnosing Clemens with lung cancer, and an undated discharge summary listing several medications for acute bronchitis.
 
 
 5
 The question of whether a certain diagnostic technique or form of treatment should be prescribed "is a classic example of a matter for medical judgment." Estelle v. Gamble, 429 U.S. 97, 107 (1976). A prisoner does not have a right to a particular type of medical treatment. Meriwether v. Faulkner, 821 F.2d 408, 413 (7th Cir.1987) (transsexual prisoner was entitled to medical treatment, but not necessarily the estrogen treatment he requested).
 
 
 6
 Based on the record before us, Clemens has failed to show evidence of an emergency medical situation, and has failed to show a likelihood of success on the merits. See Curtis v. Thompson, 840 F.2d 1291, 196-97 (7th Cir.1988). While Clemens apparently suffers from several serious medical conditions and may at some point be able to provide medical records to support an eighth amendment claim, he has failed to show a negligible chance of success on the merits on this record.
 
 
 7
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [2]
 At the same time the district court dismissed many of the defendants from the suit but permitted the eighth amendment claims against certain doctors to proceed
 
 
 [3]
 No other issues were certified for interlocutory appeal pursuant to 28 U.S.C. Sec. 1292(b), nor did the district court enter an order finding no just reason for delay of appeal of any other issues. Fed.R.Civ.P. 54(b). Consequently, other than the denial of the motion for a preliminary injunction, we will not address the remaining issues raised by plaintiff, which include whether the district court erred in denying his two motions for appointment of counsel, and erred in granting one defendant's motion to dismiss